UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN KING,

    Plaintiff,                                Civil Action No.
                                                    13-CV-12816

vs.

                                                    Honorable Patrick J. Duggan

TERRY SANDERS,

    Defendant.
_____/

**OPINION AND ORDER OVERRULING AS MOOT DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER STRIKING SUCCESSIVE SUMMARY JUDGMENT MOTION**

On June 27, 2013, Plaintiff Kevin King, a Michigan prisoner proceeding pro se, filed this civil rights action against Defendant Terry Sanders, a corrections officer, pursuant to 42 U.S.C. § 1983, alleging retaliation in violation of his First Amendment rights. On September 24, 2013, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to establish certain elements of his retaliation claim and that Defendant is entitled to qualified immunity. The Court, adopting the recommendation of Magistrate Judge Charles E. Binder, denied Defendant's summary judgment motion on March 31, 2014.

On April 24, 2014, the case was reassigned from Magistrate Judge Binder to Magistrate Judge Patricia T. Morris. After the Court issued an order referring all

pretrial matters to the new Magistrate Judge, Magistrate Judge Morris issued a scheduling order setting a discovery deadline of September 5, 2014 and containing the following provision regarding the filing of successive summary judgment motions:

> Each party may file one motion for summary judgment no later than 28 days after the close of discovery. . . . Successive motions for summary judgment will not be permitted without leave of court.

On October 1, 2014, which was within 28 days of the close of discovery in this case, Defendant filed a successive motion for summary judgment, but did not seek leave of court before doing so. After Plaintiff filed his response brief, Magistrate Judge Morris issued an order striking Defendant's motion for failure to comply with the requirement in her scheduling order requiring a party to seek leave of court before filing a successive motion for summary judgment.

Defendant has filed a timely objection to the Magistrate Judge's order striking the summary judgment motion. Defendant states that he interpreted the above-quoted provision in the scheduling order as allowing him to file one motion for summary judgment without leave of court within 28 days of the close of discovery, regardless of whether the motion is a successive one. Defendant states that he believes his interpretation of the scheduling order is a logical one but, if it was not, Defendant asks the Court to permit him to seek leave to file his successive

2

summary judgment motion now, even though the 28-day time period in which to move for summary judgment under the scheduling order has expired.

A week after Magistrate Judge Morris issued an order striking Defendant's summary judgment motion, and after Defendant filed the objection that is now before the Court, Magistrate Judge Morris issued an order granting Plaintiff's motion to compel discovery and extended the discovery deadline in this case to December 22, 2014. The order extending the discovery deadline renders the present objection moot because the extended deadline resets the 28-day time period for filing a motion for summary judgment under the scheduling order. Defendant is now aware that he must seek leave of court before filing any such motion within 28 days of the new close of discovery.

Accordingly, Defendant's objection to the Magistrate Judge's order striking his successive summary judgment motion is **OVERRULED AS MOOT**.

**SO ORDERED**.

Dated: October 30, 2014         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Kevin King
John L. Thurber, Esq.
Kevin R. Himebaugh, Esq.
Magistrate Judge Morris

3