UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN KING,

    Plaintiff,

vs.

TERRY SANDERS,

    Defendant.
_____/

Civil Action No.
13-CV-12816

Honorable Patrick J. Duggan

## <u>OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND AFFIRMING THE ORDER</u>

On June 27, 2013, Plaintiff Kevin King, a Michigan prisoner proceeding pro se, filed this civil rights action against Defendant Terry Sanders, a corrections officer, pursuant to 42 U.S.C. § 1983, alleging retaliation in violation of his First Amendment rights. Specifically, Plaintiff alleges that Defendant confiscated his radio from his cell on February 24, 2013, in retaliation for helping a fellow inmate file a grievance against Defendant. The Court referred the matter to Magistrate Judge Patricia T. Morris for all pretrial proceedings. Defendant filed a motion for summary judgment shortly after the case was filed; the Court denied that motion. The deadline by which all discovery must be completed is December 22, 2014.

Plaintiff filed a motion to compel discovery on August 6, 2014, seeking to

compel Defendant to produce the following four documents:

> (1) "A copy of G. Robert Cotton Correctional Facility Housing Room Searches (logs) for E-Unit, rooms 93-94 for February 24, 2013 on the 0600-1400 shift."
>
> (2) "A copy of G. Robert Cotton Correctional Facility E-Unit Log Book for February 24, 2013, 0600-1400 shift."
>
> (3) "A copy of G. Robert Cotton Correctional Facility F-Unit Log Book for February 25, 2013, 0600-1400 shift."
>
> (4) "A copy of Defendant's termination from the Michigan Department of Corrections including any and all Investigative Reports and Findings, Internal Investigation Reports, and any other reports, regardless of their title, that are connected with Defendant's employment termination."

On October 27, 2014, Magistrate Judge Morris issued an order granting Plaintiff's motion and ordering Defendant to produce the above four requested documents by November 13, 2014, but allowing for the possibility of redaction as to some of the requests, in certain circumstances.

Regarding request (1), above, the Magistrate Judge ordered that Defendant provide Plaintiff with

> *all* available documents related to the correction officer searches of Housing Unit E for the entire month of February 2013, including all pages of the JCF Housing Unit E February 2013 search log, and including any and all search logs for February 24, 2013. Defendant should explain the purpose of the logs produced. Defendant may redact the prison numbers of any inmate who was searched from February 1 to February 22 and from February 27 to February 28 with the exception of Plaintiff and inmate number 400290. Otherwise the

> documents should have no redactions, or the redactions should have good reason and the nature of the redaction should be clearly identified. If Defendant does not specifically produce a log that indicates a search that took place on beds 93 and 94 by Defendant, on or around February 24, 2013, Defendant should articulate why the record does not exist.

10/27/14 Order at 12-13 (emphasis in original). Regarding requests (2)-(3), above, the Magistrate Judge ordered Defendant to provide Plaintiff with "*unredacted* copies of the JCF E-Unit Log Book for February 25, 2013, 0600-1400 shift and F-Unit Log Book for February 25, 2013, 0600-1400 shift." *Id.* at 13 (emphasis in original). Finally, regarding request (4), above, the Magistrate Judge ordered Defendant to produce

> any and all copies of "Defendant's termination from the [MDOC] including any and all Investigative Reports and Findings, Internal Investigation Reports, or any other reports, regardless of their title, that are connected with Defendant's employment termination." Defendant may redact personal information in these documents as long as he clearly identifies his redactions.

*Id.*

Defendant filed timely objections to these discovery rulings. The Court has authority to modify or set aside the Magistrate Judge's order to the extent it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S.

3

364, 395, 68 S. Ct. 525, 542 (1948). Under the contrary to law standard, the Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

Regarding the Magistrate Judge's ruling on document requests (1)-(3), Defendant states in his objections that the Magistrate Judge "underestimated the damage that providing unredacted logbooks to a prisoner can do," explaining that "Plaintiff could use log book entries to track when and where officers make rounds" and that the logbooks "may contain sensitive information related to other prisoners that is totally unrelated to this case." Defendant contends that "[t]he potential security risk at stake in this case is even more pronounced because the Plaintiff is still housed at the Cotton Correctional Facility where the incidents in the Complaint took place." Defendant urges the Court to allow him to "redact all logbook entries that do not reference the Plaintiff." Objections at 4-5. Defendant does not argue in his objections that the documents sought in requests (1)-(3) are irrelevant.

The Court notes that the Magistrate Judge's order regarding document request (1), above, allows for the possibility of redaction. Therefore, although Defendant has directed the objection discussed in the preceding paragraph at request (1), in addition to requests (2)-(3), the objection is inapplicable to request (1). Because

Defendant asserts no other objection to the Magistrate Judge's ruling on request (1), the Court affirms the ruling on that request.[1]

Regarding the Magistrate Judge's ruling on requests (2)-(3), which requires Defendant to produce "*unredacted* copies of the JCF E-Unit Log Book for February 24, 2013, 0600-1400 shift and F-Unit Log Book for February 25, 2013, 0600-1400 shift," the Court will overrule Defendant's objection. The scope of the discovery compelled by the Magistrate Judge's order with regard to requests (2) and (3) is extremely narrow; Defendant has been ordered to produce logbooks for one particular shift on two particular days – February 24, which is the day on which Defendant allegedly confiscated Plaintiff's radio and made comments to Plaintiff that may evidence a retaliatory motive, and February 25, which is a day on which Defendant may have made statements about the incident that occurred the day before. Plaintiff seeks these documents for the purpose of ascertaining potential witnesses to the events giving rise to this litigation, as Defendant has denied making any statements to Plaintiff that could be construed as evincing a retaliatory motive.

---

[1] The Court notes that the discovery ordered by the Magistrate Judge with regard to request (1) is broader than the discovery requested by Plaintiff; Plaintiff requested the search log for only February 24, 2013 on the 0600-1400 shift, and the Magistrate Judge ordered Defendant to produce the search log for the entire month of February. The Magistrate Judge's reason for ordering Defendant to produce a search log for the entire month is implicit in her order, *see* 10/27/14 Order at 4-7, and, importantly, Defendant does not object to this aspect of the Magistrate Judge's ruling.

Defendant's security concerns are non-specific.  Defendant does not explain what specific information is contained on the relevant pages of the logbooks and how that information may compromise prison security.  Moreover, it is improbable that the disclosure of two particular shifts over a two-day period would allow Plaintiff "to track when and where officers make rounds" such that the safety of prison staff is compromised.

The Court will also overrule Defendant's objection with regard to the Magistrate Judge's ruling on request (4), above, which requires Defendant to produce documents relating to Defendant's termination from the MDOC, including "any and all Investigative Reports and Findings, Internal Investigation Reports, or any other reports, regardless of their title, that are connected with Defendant's employment termination."  In her order, Magistrate Judge Morris cited authority supporting the conclusion that Plaintiff is entitled to the discovery sought in request (4), and Defendant does not argue in his objections that the authority cited is fallible or inapplicable, nor does Defendant cite any authority demonstrating that the Magistrate Judge's ruling is "clearly erroneous" or "contrary to law."

Instead, Defendant argues in his objections that records that are the subject of request (4) "contain[] sensitive personal information regarding a former corrections officer" and that allowing Plaintiff access to the records would cause "potential

6

harm to [Defendant] or members of his family." Again, Defendant's objection is non-specific in that Defendant does not explain what information is contained in the records and how that information poses a security concern. Moreover, Defendant does not explain why his security concerns are not alleviated by the fact that the Magistrate Judge's order allows Defendant to "redact personal information in these documents as long as he clearly identifies his redactions."

For the reasons stated above, Defendant's objections to the Magistrate Judge's order granting Plaintiff's motion to compel discovery are **OVERRULED** and the order is **AFFIRMED**.

**SO ORDERED**.


Dated: November 24, 2014          s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copies to:
Kevin King
John L. Thurber, Esq.
Kevin R. Himebaugh, Esq.
Magistrate Judge Morris