UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN KING,

    *Plaintiff,*　　　　　　CASE NO. 1:13-CV-12816-PJD-PTM

*v*.

TERRY SANDERS,　　　　　DISTRICT JUDGE PATRICK J. DUGGAN
　　　　　　　　　　　　　MAGISTRATE JUDGE PATRICIA T. MORRIS

    *Defendant*.

_____/

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT TERRY SANDERS' SECOND MOTION FOR SUMMARY JUDGMENT
(Doc. 45)

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion for summary judgment be **DENIED**.

## II.  REPORT

### A.  Introduction

Plaintiff Kevin King filed this *pro se* prisoner civil rights action under 42 U.S.C. § 1983 on June 27, 2013. Plaintiff is incarcerated at the G. Robert Cotton Correctional Facility ("JCF") under the jurisdiction of the Michigan Department of Corrections ("MDOC"). (Complaint, Doc. 1.) Plaintiff alleges that Defendant Terry Sanders, a

corrections officer employed by the MDOC, retaliated against him in violation of the First Amendment. (*Id.*) On September 24, 2013, Defendant filed a Motion for Summary Judgment. (Doc. 4.) On March 3, 2014, Magistrate Judge Charles E. Binder issued a Report and Recommendation that Defendant's Motion for Summary Judgment be denied. (Doc. 8.) On March 31, 2014, Judge Patrick J. Duggan adopted the Report and Recommendation and denied Defendant's Motion for Summary Judgment. (Doc. 13.) On April 24, 2014 all pretrial matters were reassigned to the undersigned magistrate judge. On December 9, 2014, Defendant asked for leave to file a Second Summary Judgment Motion (Doc. 42), which this Court granted on December 12, 2014. Before the Court is Defendant Sanders's Second Motion for Summary Judgment. (Doc. 45.) Plaintiff issued a Response in opposition, (Doc. 48), and Defendant has issued a Reply. (Doc. 49.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), the motion is ready for report and recommendation without oral argument.

    **B.**    **Factual Background**

Plaintiff alleges that "[o]n or about February 4, 2013, a prisoner named Michael Warinner asked Plaintiff to help him file a grievance against Defendant." (Compl., Doc. 1 ¶ 1.) On February 24, 2013, Warinner brought his grievance to Plaintiff and spoke with him outside the E-Unit. (Aff. of Kevin King, Doc. 48 at 47.) Within an hour of this meeting (*id.*), "Defendant Sanders entered Plaintiff's cell" and removed his black General Electric radio while "making verbal threats of continuing to shake down Plaintiff and taking property every time" because "Plaintiff should not have helped prisoner Warinner file a grievance against him." (Compl., Doc. 1 ¶¶ 2-3.) The battery compartment of the

radio contained a court order, (Doc. 48-1 at 1), indicating that MDOC was not allowed to consider the radio contraband because of its broken pieces. (Dep. of Kevin King, doc. 45-2 at 4.) Defendant actually removed the radio from Plaintiff's cell mate Thomas Shulick's side of the cell, because all of the property was on his side "for cleaning purposes." (*Id.* ¶ 5.) Defendant Sanders wrote Thomas Shulick a Contraband Removal Record ("Ticket") because the radio was broken and because it did not belong to him. (*Id.*) In his affidavit, Shulick stated that it was common to keep property on one side of the cell for cleaning and the practice had never presented an issue before. (Aff. of Thomas Shulick, Doc. 48 at 34.)

On February 25, 2013, Shulick "was called for an Administrative Hearing" regarding the confiscated radio. (Compl, Doc. 1 ¶ 7.) According to Plaintiff, Defendant entered the hearing and argued for the destruction of the radio. (*Id.*) In his affidavit, Shulick testified that after the hearing Defendant "apologized to me indicating that none of his actions were directed toward me, but to teach King a lesson." (Aff. of Thomas Shulick, Doc. 48 at 34.) The Administrative Hearing Report indicates that the radio was confiscated by Defendant from inmate Shulick's desk on February 24 because it belonged to someone other than Shulick and was therefore contraband. (Doc. 48 at 36.) The disposition of the hearing was as follows: "The GE Super Radio . . . does not belong to prisoner Shulik and is altered from its original state. . . . Appliance will be held for 30 days pending appeal of this disposition. Disposition is [d]isposal of appliance." (Doc. 48 at 36.) Shulick also stated that after the hearing, he "directly heard [Defendant] announce

3

to King that his radio was gone and more property would be taken. (Aff. of Thomas Shulick, Doc. 48 at 34.)

On February 25, 2013, Plaintiff filed a grievance about the incident. (Doc. 1 ¶ 9.) He also wrote letters of complaint to the JCF warden, the deputy warden, and the Assistant Attorney General. (*Id.* ¶ 9.) Plaintiff states, "On or about March 19, 2013" the radio was returned and an Administrative Order declared it was lawfully acquired, not altered, and not contraband. (*Id.* ¶ 10.)

Plaintiff was without his radio for twenty-three days, and when it was returned to him it was not further-damaged and it functioned just as it had before. (Dep. of Kevin King, (doc. 45-2 at 8.) Plaintiff alleges, "On or about April 16, 2013, Defendant . . . announced to Plaintiff he was a 'smart ass' and would not elude guilt on misconducts issued by him [and] [t]hat Plaintiff should never have gotten his radio back." (Compl., Doc. 1 ¶ 11.)

C.     **Standard of Review**

A motion for summary judgment will be granted under Rule 56 of the Federal Rules of Civil Procedure when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has "'the initial burden of showing the absence of a genuine issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v Catrett*,

4

477 U.S. 317, 323 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

5

### D. Governing Law and Analysis

#### 1. Law of the Case

Law of the case doctrine provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive steps of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990). "Unlike the more precise requirements of res judicata, law of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *see also Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). However, "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona*, 605 U.S. at 618. While technical rules of preclusion do not strictly apply when a "party moves the rendering court in the same proceeding to correct or modify its judgment," it is a "fundamental precept of common-law adjudication" that "an issue once determined by a competent court is conclusive." *Id.* While a court "'has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.'" *Moses*, 929 F.2d at 1137 (quoting *Arizona* 460 U.S. at 618).

#### 2. Retaliation Under the First Amendment

A First Amendment retaliation claim consists of the following elements: (1) the plaintiff was engaged in constitutionally-protected conduct; (2) the defendant's adverse

action would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection between elements one and two, i.e., the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc); *Kennedy v. City of Villa Hills, Ky.*, 635 F.3d 210, 217 (6th Cir. 2011).

For the second element, in order to be cognizable, a retaliation claim must also meet the "sensible standard," that is, a plaintiff must show how an "official's acts 'would chill or silence a 'person of ordinary firmness' from future First Amendment activities.'" *Thaddeus-X*, 175 F.3d at 397 (quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996)). Even though harassing an inmate for exercising their First Amendment right is never justifiable, "'[i]t would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise . . . .'" *Id.* at 397 (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). Therefore, if the harm is *de minimis* it is not constitutionally cognizable. *Id.* at 396 (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)). However, the *de minimis* threshold "is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Id.* at 398. "Even the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).

### 3. The Physical Injury Requirement of the Prisoner Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") bars any action for emotional injury suffered while in custody unless the prisoner can show physical injury. 42 U.S.C. § 1997(e). The Sixth Circuit has made clear that the PLRA precludes Eighth Amendment claims for monetary relief absent a showing of physical injury. *See White v. Trayser*, No. CIV.A. 10-11397, 2011 WL 1135635, at *8 (E.D. Mich. Jan. 4, 2011) (E.D. Mich. Mar. 25, 2011) (providing examples of unpublished Sixth Circuit cases) *report and recommendation adopted*, 2011 WL 1135552 However, there is a circuit split on the question of whether Section 1997e(e) applies to constitutional claims such as retaliation claims. *Id.* The Sixth Circuit has not yet conclusively ruled on whether this provision applies to First Amendment claims of retaliation. *Taylor v. U.S.* 161 F. App'x 483, 486 (6th Cir. 2005). The *Taylor* Court chose not to decide the issue, but did note that, while some courts had excluded constitutional claims from § 1997e(e), the "majority of courts hold § 1997 e(e) applies to *all* federal prisoner lawsuits." *Id.* In *Siggers-El v. Barlow* the Sixth Circuit found Section 1997e(e) "unconstitutional to the extent that it precludes First Amendment [retaliation] claims."433 F. Supp. 2d 811, 816 (6th Cir. 2006). In *Meade v. Plummer*, a court in this District considered that "[c]ompensable damages include[d] economic loss, physical injury, pain and suffering, 'impairment of reputation . . . , personal humiliation, and mental anguish and suffering," and found that the "plain language of the [PLRA] does not require dismissal of constitutional claims in which no physical injury is present," and only restricts compensation for mental or emotional

damages. 344 F. Supp. 569, 574 (E.D. Mich. 2004) (citing *Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986) (noting that Section 1983 created a "species of tort liability" that allowed compensation "according to principles derived from the common law of torts").

When the PLRA does apply, "the predicate injury need not be significant, but must be more than *de minimus*."*Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

4. Analysis

Defendant argues that (1) Plaintiff cannot establish the second element[1] of a retaliation case, that is, that Sanders took an adverse action against him, and (2) Plaintiff has not demonstrated that he suffered a physical injury, which should be required by the PLRA. (Def.'s Mot. for Sum. J., Doc. 45 at 7-9.) Both arguments turn on whether Plaintiff's injury was *de minimis*. If it was not, then Plaintiff has established a genuine issue of material fact for the second element of a retaliation case and also made the necessary showing of physical injury to get past any PLRA requirement. This Court has already found that the acts allegedly taken by Defendant in this case were not merely *de minimis* and therefore that Defendant is not entitled to summary judgment. (Docs. 8, 13.) Defendant argues that the law of the case doctrine does not prevent this Court from revisiting that finding, and contends that King's deposition testimony, which was not

---

[1] In his first motion for summary judgment, Defendant argued that Plaintiff had failed to show all three elements of a retaliation claim. (Doc. 4 at 11.) In the present motion for summary judgment, Defendant is only arguing that the second element—that Defendant took an adverse action against Plaintiff—is missing from Plaintiff's retaliation claim. (Doc. 45 at 7.)

9

available for the first Report and Recommendation, shows the "absolutely trivial nature of the harm to King." (Doc. 45 at 8.) I suggest first that the law of the case doctrine precludes relitigation of this issue, and alternatively, that even if law of the case doctrine does not apply, Plaintiff's injury was not *de minimus*, and therefore summary judgment is not appropriate in this case.

To begin with, I suggest that this Court's previous decision that Plaintiff's injury was not *de minimis*, is not clearly erroneous, and would not work a manifest injustice. *See Moses*, 929 F.2d at 1137. Therefore, I suggest that law of the case does preclude reconsideration of the issue. Defendant's assertion that Plaintiff's deposition testimony shows the "absolutely trivial nature of the harm to King" is not persuasive. (Doc. 45 at 8.) To begin with, contrary to Defendant's assertion that "King admitted in his deposition that he did not suffer a physical injury" (Doc. 45 at 9), Plaintiff, never yielded to Defendant's repeated attempts to get him to make that admission. (Dep. of Kevin King, Doc. 45-2 at 9.) Consequently, Defendant is left with an admission that Plaintiff was deprived of his radio for twenty-three days. (*Id.*) This mirrors the facts available to Defendant when he made his first summary judgment motion, which this Court denied. (Doc. 4 at 12 (arguing that the radio was temporarily removed but ultimately returned).)

Even if law of the case doctrine did not preclude reconsideration of the issue, I suggest that Plaintiff's injury was not *de minimis*, and therefore summary judgment is not appropriate. With respect to the second element of a retaliation claim—whether Plaintiff suffered an adverse action—I suggest that the deprivation of Plaintiff's property is not a *de minimis* injury. Examples of adverse action that the Sixth Circuit has held sufficient to

10

meet this standard include "initiating a retaliatory transfer to another prison when it will result in foreseeable negative consequences to the prisoner, threatening to impose disciplinary sanctions, issuing major misconduct reports that could result in loss of disciplinary credits, and threatening the use of physical force." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011) (citations omitted). A shakedown search accompanied by racial slurs and "thinly-veiled threat[s] in retaliation for [the plaintiff's] protected conduct was a close issue that could be found to constitute adverse action." *Id.* However, "[t]he single search of a prison cubicle would not deter a person of 'ordinary firmness' from pursuing constitutional grievances." *Tate v. Campbell*, 85 F.App'x 413, 417 (6th Cir. 2003). "Other routine inconveniences of prison life" also do not amount to adverse actions. *Reynolds-Bey*, 428 F.App'x at 503.

"Whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact" that "in most cases" will "not be amenable to resolution as a matter of law . . . ." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). Indeed, in *Bell*, the court noted that many circuits have held that confiscating an inmate's property "constitutes sufficient injury to support a First Amendment retaliation claim." *Id.* at 604. I suggest that that deprivation of a radio for twenty-three days, accompanied by threats that more property would be taken, is worse than the shakedown search accompanied by racial slurs in *Reynolds-Bey*. Therefore, I suggest that Plaintiff's injury was more than *de minimis* in this case and his claim should survive summary judgment.

Because Plaintiff's injury here was more than *de minimis*, I suggest it is not necessary to determine whether the PLRA requires any physical injury in First Amendment retaliation cases because the requisite physical injury has been shown here. Therefore, I suggest that Plaintiff's claim is not barred by 42 U.S.C. § 1997e(e).

### E. Conclusion

I suggest that Defendant's motion for summary judgment be denied because there is a genuine issue of material fact in dispute and the evidence is not "so one-sided" that Defendant "must prevail as a matter of law," *See Booker*, 879 F.2d at 1310.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 17, 2015                S/ PATRICIA T. MORRIS
                                     Patricia T. Morris
                                     United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Kevin King #171671 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

Date: March 17, 2015                By s/Kristen Krawczyk
                                     Case Manager to Magistrate Judge Morris