UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN KING,

    Plaintiff,

vs.

TERRY SANDERS,

    Defendant.
_____/

Civil Action No.
13-CV-12816

Honorable Patrick J. Duggan

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION INSOFAR AS IT IS CONSISTENT WITH THIS OPINION AND ORDER, OVERRULING DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION, and DENYING DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

This is a First Amendment retaliation case. On June 27, 2013, Plaintiff Kevin King, a Michigan prisoner proceeding pro se, filed this civil rights action against Defendant Terry Sanders, a corrections officer, pursuant to 42 U.S.C. § 1983. Plaintiff claims that his radio was confiscated by Defendant in retaliation for helping another prisoner file a grievance against Defendant.

The elements of a First Amendment retaliation claim are as follows:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected

conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). On September 24, 2013, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to establish all three elements of his retaliation claim. Relevant for the present purposes, Defendant argued that Plaintiff failed to establish the second element of his claim, requiring Plaintiff to show that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in protected conduct, because his radio was returned to him after being confiscated for only twenty-three days.

In his Report and Recommendation (R&R) dated March 3, 2014, Magistrate Judge Charles E. Binder rejected Defendant's argument, concluding that "the acts allegedly taken by Defendant in this case were not 'merely de minimis' and therefore . . . Defendant is not entitled to summary judgment on the grounds that Plaintiff failed to show that an adverse action was taken against him." 3/3/14 R&R at 6 (ECF No. 8 Page ID 97) (quoting *Bell v. Johnson*, 308 F.3d 594, 606-07 (6th Cir. 2002) (to constitute adverse action, retaliatory conduct must be more than "merely de minimis acts of harassment")). Notably, Defendant did not object to the Magistrate Judge's conclusion. Accordingly, the Court adopted the conclusion – along with the remainder of the R&R – and denied Defendant's summary judgment

motion by order dated March 31, 2014.

On April 24, 2014, the case was reassigned from Magistrate Judge Binder to Magistrate Judge Patricia T. Morris. On January 15, 2015, following the close of discovery and with the permission of Magistrate Judge Morris, Defendant filed a second motion for summary judgment.

In his second summary judgment motion, Defendant once again argues that no adverse action was taken against Plaintiff in light of the fact that Plaintiff's radio was returned to him only twenty-three days after it was confiscated. However, Defendant already made this argument in his first motion for summary judgment, and Magistrate Judge Binder rejected it. Defendant could have, but did not, object to the Magistrate Judge's conclusion. By failing to object, Defendant waived the argument, *see Thomas v. Arn*, 474 U.S. 140, 142, 106 S. Ct. 466, 468 (1985) ("[T]he failure to file objections to the magistrate's report waives the right to appeal the district court's judgment."); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373-74 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"), and the Magistrate Judge's conclusion is now the law of the case; the Court will not revisit it.[1]

---

[1] In his motion seeking leave to file a second summary judgment motion, Defendant implies that discovery in this case, which just recently concluded, revealed that Plaintiff was without his radio for only twenty-three days, and argues that he

Defendant also argues that Plaintiff is barred from receiving damages for mental and emotional injuries, as it is now apparent after discovery that Defendant's allegedly unconstitutional actions did not cause physical injury to Plaintiff. Defendant relies on 42 U.S.C. § 1997e(e) in support of his argument. That provision provides, in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). However, the Court need not rule on the applicability of § 1997e(e) because Plaintiff testified in his deposition that he is not seeking damages for mental or emotional injury. *See* Pl. Dep. at 39 (ECF 45-2 Page ID 475) ("This is a First Amendment claim. I don't see any physical injury, mental damages, or emotional damages."). Thus, Plaintiff has already conceded that any damages to

---

"deserves an opportunity to make" the argument that "being deprived of a radio for 23 days is so trivial that it is considered de minimis," Def. Mot. for Leave at 2-3 (ECF No. 42 Page ID 410-11), as if the fact that Plaintiff's radio was returned to him after twenty-three days is a new fact that was unknown to Defendant during the first summary judgment proceedings, and as if the argument had not previously been addressed and rejected by a judicial officer. In fact, Plaintiff pled *in his complaint* that his radio was returned to him after twenty-three days, *see* Compl. ¶ 10 (ECF No. 1 Page ID 3), and the Magistrate Judge concluded without objection from Defendant that the twenty-three-day deprivation of the radio was not, as a matter of law, de minimis harassment. Therefore, Defendant does not "deserve[]" another shot at that argument now – an argument that he forfeited by failing to object to Magistrate Judge Binder's conclusion that "the acts allegedly taken by Defendant in this case were not 'merely de minimis.'" 3/3/14 R&R at 6 (ECF No. 8 Page ID 97).

which he may be entitled are limited in the manner urged by Defendant.

For the reasons stated, Defendant's objections to the Magistrate Judge's R&R are **OVERRULED**, the R&R is **ADOPTED** insofar as consistent with this Opinion and Order, and Defendant's second motion for summary judgment is **DENIED**.

**SO ORDERED**.

Dated: April 6, 2015              s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copies to:
Kevin King
John L. Thurber, Esq.
Kevin R. Himebaugh, Esq.
Magistrate Judge Morris